UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUAN CARLOS NUNEZ,                  )
                                    )
                  Petitioner,       )      Case No. 1:05-cv-832
                                    )
v.                                  )      Honorable Gordon J. Quist
                                    )
JOHN PRELESNIK,                     )
                                    )      **REPORT AND RECOMMENDATION**
                  Respondent.       )
_____)

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer.  *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.       Factual Allegations

Petitioner, who is represented by counsel in this action, is incarcerated in the Richard A. Handlon Correctional Facility.  Petitioner  was convicted in the Ottawa County Circuit Court of first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, in connection with the robbery and homicide at Pereddies restaurant in Holland, Michigan.  On March 8, 1999, he was sentenced to concurrent terms of life imprisonment without parole for the murder conviction and twenty to forty years for the armed robbery conviction, to be served consecutively to a two-year term for the felony-firearm conviction.  The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion issued on February 23, 2001. Petitioner did not seek leave to appeal in the Michigan Supreme Court.

On March 18, 2002, Petitioner filed a motion for relief from judgment in the Ottawa County Circuit Court.  The court denied his motion on November 26, 2002.  The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on March 19, 2004 and December 29, 2004, respectively.

Petitioner now raises two grounds for habeas corpus relief.  First, he claims that his right to a fair and impartial jury was violated when the jury pool was tainted by the excessive pre-trial publicity.  Second, Petitioner claims that his constitutional rights were violated when the trial court failed to suppress statements he made to police.  Petitioner, who was a minor at the time he committed the offenses in this case, was first questioned outside of his mother's presence.  Petitioner contends that his mother's consent to interview was subsequently obtained by police through subterfuge.

- 2 -

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  The Michigan Court of Appeals affirmed Petitioner's conviction on February 23, 2001.  Petitioner did not pursue an appeal to the

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

Michigan Supreme Court.  Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added).  However, such a petitioner is not entitled to also count the ninety-day period during which he could have filed a petition for certiorari to the United States Supreme Court.  *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255).  Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had  . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court.  *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)).  Accordingly, Petitioner's conviction became final on April 20, 2001.  He had one year, until April 20, 2002, in which to file his habeas petition.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the

tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)

(defining "properly filed").  The running of the statute of limitations was tolled when Petitioner filed

his motion for relief from judgment on March 18, 2002.  At that time, Petitioner had 33 days

remaining in the limitations period.  A motion for post-conviction relief is considered "pending"

during the time between a lower state court's decision and the filing of a notice of appeal to a higher

state court on collateral review.  *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).  It also is

considered pending during the period in which the petitioner could have filed a petition for writ of

certiorari in the United States Supreme Court, whether or not such a petition actually was filed.  *See

Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*), *cert. denied*, 541 U.S. 1070 (2004).  The

Michigan Supreme Court denied Petitioner's application for leave to appeal on December 29, 2004.

Accordingly, the proceedings on Petitioner's motion remained "pending" until March 29, 2005.

Thereafter, Petitioner had thirty-three days, until May 2, 2005, in which to file his application for

habeas corpus relief.  Petitioner filed the instant petition on December 15, 2005, more than seven

months after the statute of limitations expired.

       The one-year limitation period applicable to § 2254 is a statute of limitations subject

to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner

bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d

396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir.

2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit has repeatedly

cautioned that equitable tolling should be applied  "sparingly" by this Court.  *See Jurado*, 337 F.3d

at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09.  In *Pace*

*v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Indeed, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling. *See Jurado,* 337 F.3d at 644; *Elliot v. DeWitt*, No. 00-3329, 2001 WL 523527, at *1 (6th Cir. May 8, 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)) *see also Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004). Here, there is nothing to suggest petitioner is entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the court.

### Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Dated:  March 13, 2006                     /s/ Hugh W. Brenneman, Jr.                    
                                           Hugh W. Brenneman, Jr.
                                           United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).