UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JUAN CARLOS NUNEZ,

        Petitioner,

                                      Case No. 1:05-cv-832

v.

                                      HON. GORDON J. QUIST

JOHN PRELESNIK,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's objections to the Magistrate Judge's Report and Recommendation issued on March 13, 2006, in which the magistrate judge recommended that Petitioner's habeas corpus petition brought pursuant to 28 U.S.C. § 2254 be denied as untimely. After conducting a *de novo* review of the magistrate's report and recommendation, the Court will adopt it as the opinion of this court and will dismiss Petitioner's habeas corpus petition.

Petitioner was convicted in the Ottawa Circuit County Court of first-degree murder, armed robbery, and possession of a firearm during the commission of a felony. The court sentenced Petitioner on March 8, 1999. The Michigan Court of Appeals affirmed Petitioner's conviction on February 23, 2001. Petitioner did not seek leave to appeal in the Michigan Supreme Court. The magistrate explained that 28 U.S.C. § 2244(d)(1)(A) provides the period of limitation in this case. This section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court . . . [and t]he limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."

The magistrate noted that, while Petitioner did not seek relief from the Michigan Supreme Court, the time for seeking such review is counted under § 2244(d)(1)(A). Since Petitioner had 56

days after the Michigan Court of Appeal's judgment affirming his conviction on February 23, 2001, to seek review from the Michigan Supreme Court, Petitioner's conviction became final on April 20, 2001. Therefore, Petitioner had until April 20, 2002, to file his habeas petition. On March 18, 2002, however, Petitioner filed his application for State post-conviction relief. This filing tolled the statute of limitations. At this point, Petitioner had 33 days remaining in the limitation period. The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 29, 2004. Since, as the magistrate explained, a motion for post-conviction relief is considered pending during the period in which the Petitioner could have filed a petition for a writ of certiorari to the United States Supreme Court, Petitioner's motion for post-conviction relief remained pending until March 29, 2005. Petitioner, therefore, had thirty-three (33) days, until May 2, 2005, in which to file his petition for a writ of habeas corpus. Since Petitioner did not file his petition until December 15, 2005, the magistrate concluded that Petitioner's petition was untimely.

In objecting to the magistrate's recommendation, Petitioner contends that the period from February 23, 2001, to February 23, 2002, should not have been counted for time bar purposes. In support of this position, Petitioner cites Michigan Court Rule 7.205(F), which provides:

> (1) When an appeal of right or an application for leave was not timely filed, the appellant may file an application . . . [to] explain[] the delay . . . . The court may consider the length of and the reasons for the delay in deciding whether to grant the application. . . .
>
> (2) In a criminal case, the defendant may not file an application for leave to appeal from a judgment of conviction and sentence if the defendant has previously taken an appeal from that judgment by right or leave granted or has sought leave to appeal that was denied.
>
> (3) Except as provided in subrule (F)(4), leave to appeal may not be granted if an application for leave to appeal is filed more than 12 months after . . . entry of a final judgment.

Petitioner contends that, pursuant to this rule, he had until February 23, 2002, in which to seek leave to appeal the Michigan Court of Appeals' judgment to the Michigan Supreme Court. The Court

rejects this contention.  First, Petitioner, who is represented by counsel, has cited no authority in support of it.  Moreover, this rule does not apply because Petitioner did in fact take a timely appeal from his judgment of conviction to the Michigan Court of Appeals.  Petitioner simply did not seek review from the Michigan Supreme Court.  Mich. Ct. R. 7.205(F)(3) (providing that a defendant in a criminal case has one year in which to apply for leave to appeal in the Michigan Court of Appeals).

Petitioner next contends that the time period from the issuance of the Michigan Court of Appeals' decision on February 23, 2001, to March 18, 2002, when he filed his motion for post-conviction relief in state court, should be excluded.  Petitioner claims that since, in order to present his claims to this Court, he was required to fully exhaust his state court remedies, he "is caught in the situation where if he file[d] his claims prior to exhaustion then his petition w[ould] be dismissed yet if he wait[ed] to fully exhaust his state court claims then he may be time barred."  (Pet.'s Resp. R&R at 4.)  This argument manifests a misunderstanding of the law.  After the Michigan Court of Appeals affirmed his conviction on February 23, 2001, Petitioner had until April 20, 2001, to seek relief from the Michigan Supreme Court.  Since Petitioner did not seek relief, the statute of limitations began to run on April 20, 2001.  However, Petitioner could then have immediately filed a motion for post-conviction relief, which would have tolled the statute of limitations.  Petitioner, however, did not file a motion for post-conviction relief until March 18, 2002.  This motion remained "pending" until March 29, 2005, the date up to which Petitioner could have filed a petition for a writ of certiorari to the United States Supreme Court seeking review of the denial of his motion for post-conviction relief.  At this point, Petition still had thirty-three (33) days, up to May 2, 2005, to file a habeas petition in this Court.  Petitioner, however, failed to file his petition until December 15, 2005.

Finally, Petitioner argues that he is entitled to equitable tolling.  The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly."  *Jurado v. Burt*, 337 F.3d

638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).   In *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, the Supreme Court explained that a petitioner seeking equitable tolling of the habeas statute of limitations "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Petitioner has cited no extraordinary circumstance that stood in his way of pursuing his petition here.  Equitable tolling, therefore, is not justified.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the § 2254 motion, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Magistrate's Report & Recommendation issued on March 13, 2006, (docket no. 3) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, should Petitioner file an appeal of this judgment.

This case is **concluded.**


Dated: August 31, 2006                                 _____/s/ Gordon J. Quist_____
                                                              GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE